O’SCANNLAIN, Circuit Judge,
dissenting:
This Court has previously held that the Sex Offender Registration and Notification Act (“SORNA”) does not apply to sex of *1030 fenders convicted pre-SORNA unless and until the Attorney General (“AG”) promulgates an administrative rule saying that it does. See United States v. Valverde, 628 F.3d 1159, 1168-69 (9th Cir.2010). We also held that the AG’s attempt to promulgate such a rule (the “Interim Rule”) was void because there was not “good cause” to issue it without first complying with the “notice and comment” requirements of the Administrative Procedure Act (“APA”). See id. Instead, we determined that SORNA did not become effective for pre-SORNA offenders until the AG promulgated a final regulation to that effect. See id.
We are bound by these rulings and I have concurred in the Court’s disposition to that effect. But it now appears that the Supreme Court has granted certiorari in a nearly identical case out of the Third Circuit, see Reynolds v. United States, — U.S.-, 131 S.Ct. 1043, 178 L.Ed.2d 862 (2011), and the United States has asked us to stay the instant appeal until the Supreme Court has rendered its decision. Because the Supreme Court will definitively decide this question, I respectfully dissent from the majority’s decision to deny the government’s motion. See Landis v. N. Am. Co., 299 U.S. 248, 254-55, 57 S.Ct. 163, 81 L.Ed. 153 (1936) (recognizing a court’s inherent power to stay proceedings pending a decision by the Supreme Court in another case).
I
I am particularly inclined to grant a stay because I believe the Supreme Court’s decision in Reynolds may well impact our decision in Valverde. In Reynolds, the Court will resolve a deep circuit split as to whether SORNA applies, on its own force, to defendants, like Clements, who were registered sex offenders in one state before Congress enacted SORNA, moved to another state after Congress enacted SORNA, failed to update their registration, and were indicted before the AG’s final regulation on retroactivity took effect. If SORNA does so apply, then the Interim Rule would be superfluous, and any procedural error in its promulgation would be irrelevant to this case.
II
The relevant portion of SORNA provides:
(a) In general
A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.
(b) Initial registration
The sex offender shall initially register—
(1) before completing a sentence of imprisonment with respect to the offense giving rise to the registration requirement; or
(2) not later than 3 business days after being sentenced for that offense, if the sex offender is not sentenced to a term of imprisonment.
(c) Keeping the registration current
A sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 juris-diction involved pursuant to subsection (a) of this section and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry. That jurisdiction shall immediately provide that information to all other jurisdictions in which the offender is required to register.
*1031 (d) Initial registration of sex offenders unable to comply with subsection (b) of this section
The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before the enactment of this chapter or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b) of this section.
42 U.S.C. § 16913.
The courts of appeals which have required AG action before applying SORNA retroactively have focused on sub-section (d). They correctly read that provision as giving the AG authority to specify whether and to what extent SORNA applies to any and all sex offenders who were convicted pre-SORNA.
A
But just because the AG has “the authority” to issue rules regarding SORNA’s retroactive applicability does not mean that he is required to exercise it. By phrasing the AG’s power over retroactivity in permissive rather than mandatory terms, SORNA contemplated a regime without AG guidance. Within that regime, retroactive applicability could be determined only by subsection (a)’s clear command that “[a] sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides.” This clause makes no exceptions for sex offenders who have already been convicted. Instead, SORNA specifically defines “sex offender” as “an individual who was convicted of a sex offense.” Id. § 16911(1) (emphasis added); see also Carr v. United States,-U.S.-, 130 S.Ct. 2229, 2236, 176 L.Ed.2d 1152 (2010) (noting that the Supreme Court “ha[s] frequently looked to Congress’ choice of verb tense to ascertain a statute’s temporal reach”).
Structure confirms text. Subsection (a) states the two main requirements SORNA imposes on sex offenders: they must register and they must keep that registration current. Subsections (b) and (c) provide deadlines for meeting those obligations. It would be anomalous for subsection (d) then to negate subsection (a) by creating an exception so large that it swallows its rule.
B
Finally, reading subsection (d) as exempting pre-SORNA convicted sex offenders from SORNA’s registration requirements would undermine Congress’s stated purpose of “establishing] a comprehensive national system for the registration of [sex] offenders.” 42 U.S.C. § 16901. As Judge Gorsuch put it, a sex offender registry that excluded all then-existing sex offenders would hardly be “comprehensive,” “unless Congress’s purpose was to create a comprehensive registration regime for 22nd century sex offenders.” United States v. Hinckley, 550 F.3d 926, 945 (10th Cir.2008) (Gorsuch, J., concurring).
Accordingly, it appears that subsection (a) requires all sex offenders to register and to keep their registration current, and subsection (d) merely grants the AG the authority to make exceptions for previously convicted sex offenders if he so chooses. Thus, even if the Interim Rule were invalid for failure to comply with the APA’s notice and comment procedures, such fact does not help Clements because it served only to make indisputably clear what was already established by the text.
Ill
Our decision in Valverde focused almost entirely on whether the Interim Rule was valid, and did not explicitly consider the *1032 argument that SORNA applies retroactively even without administrative action. The Supreme Court will decide the latter question in Reynolds. Because it may possibly do so in a way that conflicts with our assumption in Valverde, I would wait for the Supreme Court’s guidance. Therefore, I respectfully dissent from our order denying the government’s motion to stay consideration of this appeal.